## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHNIE M. JONES and JOSZETTE JONES,

      Plaintiffs,

                                    Case No. 11-CV-13351-DT

v.

                                      HONORABLE DENISE PAGE HOOD

BANK OF AMERICA HOME LOAN
SERVICING, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
COUNTRYWIDE HOME LOANS, INC.,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT and ORDER DISMISSING ACTION

## I.    BACKGROUND

This action was removed from the Oakland County Circuit Court, State of Michigan, on August 1, 2011. Plaintiffs Johnie M. Jones and Joszette Jones filed a Verified Complaint for Injunctive Relief, to Quiet Title and for Other Relief against Defendants Bank of America Home Loan Servicing ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Countrywide Home Loans, Inc. ("Countrywide") alleging: Violation of MCL 600.3204 *et seq.* (Count I); Quiet Title (Count II); and Injunctive Relief (Count III).

The Complaint involves title to real property commonly known as 22300 Hallcroft Lane, Southfield, Michigan. (Comp., ¶ 5) On September 30, 2005, Plaintiffs financed the property with Countrywide. (Comp., ¶ 8) Bank of America is the assignee for the mortgage from MERS. (Comp., ¶ 9) Bank of America instituted foreclosure by advertisement proceedings. (Comp., ¶ 10)

In August 2010, Bank of America sent a letter to Plaintiffs notifying Plaintiffs of a list of housing counselors to attempt modification. (Comp., ¶ 11) Plaintiffs went to Mission of Peace, a housing counselor, to facilitate a modification of the loan but claim that Bank of America ignored the requests. (Comp., ¶¶ 12-13) A Sheriff's sale was held and no modification process was offered pursuant to MCL 600.3205a. (Comp. ¶¶ 15-16)

A Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment was filed by Defendants. Response, reply and supplemental briefs were filed. Defendants seek to dismiss the case pursuant to Rules 12(c), 12(b)(6) and 56(a) of the Rules of Civil Procedure.

## II.    ANALYSIS

### A.    Standard of Review

Rule 12(c) of the Rules of Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008). Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion

2

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material

facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.    Redemption Period Expired

Defendants assert that Plaintiffs have failed to state a claim upon which relief may be granted since the redemption period has expired and Plaintiffs cannot challenge the validity of a foreclosure sale after the redemption period expires. The Sheriffs' sale occurred on February 15, 2011 and the property was sold at that time. The redemption period expired on August 15, 2011. Plaintiffs respond that because they brought the action during the redemption period and there is no evidence of a bona fide purchaser, Plaintiffs are entitled to relief, citing *Richard v. Schneiderman & Sherman, P.C.,* 2011 WL 3524302 (August 11, 2011). Plaintiffs also argue that the foreclosure proceeding did not follow the foreclosure by advertisement statute and because they were eligible for a loan

modification, Defendants have no authority to foreclose by advertisement.

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished). Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1.

The case cited by Plaintiffs is inapplicable. Plaintiffs seem to argue that Bank of America, as the assignee from MERS and the foreclosing party in this case, had no authority to foreclose because MERS had no authority to foreclose. The *Schneiderman* case relied on the now-reversed case, *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 1516819 (April 21, 2011). *Saurman* involved the issue of whether MERS had the authority to foreclose by advertisement under M.C.L. § 600.3204(1)(d). The Michigan Court of Appeals held in *Saurman* that MERS, who foreclosed by advertisement, was not permitted to do so because it did not have legal or equitable ownership rights in the debt secured by the mortgage in that case. *Saurman,* 2011 WL 1516819 *at 5.* MERS is not a party to this case and was not the foreclosing party. The *Schneiderman* case limited the holding of *Saurman,* holding that if the mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property had been sold to a bona fide purchaser, then *Saurman* does not apply. *Schneiderman,* 2011 WL 3524302 at * 2. The *Schneiderman* merely addressed the retroactivity of *Saurman,* and did not address the issue of standing.

The Michigan Supreme Court reversed the Michigan Court of Appeals' decision in *Saurman* finding that the appellate court "erroneously construed" M.C.L. § 600.3204(1)(d). *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 5588929, *1 (Mich. Nov. 16, 2011). The Michigan Supreme Court clarified MERS' status under M.C.L. 600.3204(1)(d), holding that MERS' "interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.* Plaintiffs' reliance on the *Schneiderman* and the *Saurman* cases is misplaced since the Michigan Supreme Court reversed *Saurman* and MERS was not the foreclosing party.

Plaintiffs also argue that Defendants did not follow the loan modification requirements. Michigan's loan modification statutes, MCL 600.3205a *et seq.,* require a lender to consider a borrower for a loan modification prior to commencing foreclosure by advertisement. *See* MCL 600.3205c. The statutes do not require a lender to modify a loan, nor allow a court to set aside the foreclosure. *See Adams v. Wells Fargo Bank, N.A.,* 2011 WL 3500990 at *4 (E.D. Mich. Aug. 10, 2011)(unpublished). A defective loan modification notice is insufficient to justify setting aside a foreclosure sale. *Nafso v. Wells Fargo Bank, NA,* 2011 WL 1575372 (E.D. Mich. 2011 Apr. 26, 2011)(unpublished), *citing, United States v. Garno,* 970 F. Supp. 628, 633 (E.D. Mich. 1997) and *Detroit Trust Co. v. Agozzinio,* 280 Mich. 402, 405-06 (1937). As noted above, filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1.

The redemption period has expired in this case. Plaintiffs have failed to state a claim upon which relief may be granted since any ownership rights to the property have been extinguished.

6

**III.     CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment (**Doc. No. 11, filed 9/23/2011**) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2012, by electronic and/or ordinary mail.


S/LaShawn R. Saulsberry
Case Manager